*FOR PUBLICATION*

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| TIP-TOP CONSTRUCTION, INC., | ) D.C. Civ. App. No. 2005/0100 |
| | ) Sup. Ct. Civ. No. 0063/2002 |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTONIO GONZALEZ, AS TRUSTEE OF | ) |
| THE ANTONIO GONZALEZ REVOCABLE | ) |
| TRUST, | ) |
| Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| MO-PEDDLER, INC., K REALTY CO., & | ) |
| GENO MASON KLEILA, | ) |
| | ) |
| Third-Party Appellee. | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
Presiding Superior Court Judge: Hon. Edgar D. Ross

Considered: March 30, 2010
Filed: February 11, 2011

BEFORE:     RAYMOND L. FINCH, Judge of the District Court of the
Virgin Islands; JUAN R. SANCHEZ, Judge of the U.S.
District Court, Eastern District of Pennsylvania,
sitting by designation; and JAMES S. CARROLL III, Judge
of the Superior Court of the Virgin Islands, sitting by
designation.

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 2

**ATTORNEYS:**

**Chad C. Messier, Esq.**
St. Thomas, U.S.V.I.
          Attorney for Appellant,

**Gerald T. Groner, Esq.**
St. Croix, U.S.V.I.
          Attorney for Appellee.

**Per Curiam.**

| **Memorandum Opinion** | |
| --- | --- |

In this appeal, we are called upon to determine whether the Superior Court erred when it *sua sponte* dismissed a matter with prejudice.

**I.   FACTUAL AND PROCEDURAL POSTURE**

The underlying controversy involves the purported encroachment of the appellee's commercial buildings and other improvements onto the appellant's property at Plot No. 64. Estate Mount Welcome.  On January 28, 2002, Tip-Top Construction, Inc. ("Tip-Top" or "Appellant") filed an action for encroachment, injunctive relief and damages against Antonio Gonzalez ("Gonzalez" or "Appellee"), in his capacity as trustee of the Antonio Gonzalez Revocable Trust.  Gonzalez answered, filed a counterclaim and a third party complaint against his tenants, Mo-Pedder, K. Realty Co. and Geno Mason Kleila.

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 3

After conducting considerable discovery, the parties agreed
to mediate. On May 19, 2004, a settlement agreement arose out of
mediation. (J.A. 68-71.) The mediator filed a report indicating
that the matter had been fully resolved. (J.A. 66-67.) However,
the parties did not file a stipulation for dismissal, because the
settlement agreement had not been consummated.

Without notice or hearing, the trial court *sua sponte*
dismissed the matter with prejudice. (J.A. 15.) Tip-Top moved to
vacate the trial court's dismissal order or schedule the matter
for trial. (J.A. 7-9.) In its motion, Tip-Top explained that the
court's dismissal of the action with prejudice was too harsh of a
sanction, because the parties were in the process of refining and
consummating a settlement agreement, and the delay was not fairly
attributed to Tip-Top. (J.A. 7-8.) Tip-Top asked the court to
either vacate its dismissal, enforce the settlement agreement or
schedule the matter for trial. (*Id.*)

In an uncharacteristic motion, Gonzalez, the defendant, also
moved to vacate the court's dismissal order. In its motion,
Gonzalez apologized for his delay in consummating the settlement
agreement and asked the court to re-open the case for sixty-days.
(J.A. 10-13.)  The court denied both parties' motions to vacate.
This timely appeal followed.

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 4

## II.    JURISDICTION

This court has appellate jurisdiction of this action. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005); *Gabriel Joseph v. People of the V.I.*, 2008 U.S. Dist. LEXIS 107654, at *17 (D.V.I. App. Div. Dec. 9, 2008).[1]

## III.    STANDARD OF REVIEW

Generally, the appeal of a denial of a Rule 60(b) motion for relief from judgment brings up for review only whether the trial court abused its discretion in denying the motion itself; it does not bring up for review the merits of the underlying order or judgment.[2] *See, e.g., Browder v. Director, Dept. of Corrections*

_____

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

[2] An abuse of discretion occurs where there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Feddersen v. Feddersen*, 68 F. Supp. 2d 585, 594 (D.V.I. App. Div. 1999) (quoting *V.I. Water & Power Authority v. V.I. Telephone Corp.*, 1981 U.S. Dist. LEXIS 9330 (D.V.I. App. Div. April 29, 1981).

*of Ill.*, 434 U.S. 257, 263 n.7 (1978) (holding that the standard

of review is abuse of discretion, and an appeal from denial of

Rule 60(b) relief generally does not bring up the underlying

judgment for review). However, where, as here, the underlying

order dismisses the case, "the review of a denial of a Rule 60(b)

motion is collapsed into a review of the dismissal." *Newland*

*Moran Real Estate v. Green Cay Props., Inc.*, 41 F. Supp. 2d 576,

579-580 (D.V.I. App. Div. 1999) (citing *Del Carmen v. Emerson*

*Electric Co.*, 908 F.2d 158, 161-62 (7th Cir. 1990)).

**IV.  ANALYSIS**

In this appeal, we are faced with a rare circumstance. Both

parties seek the same result.  The Appellant and the Appellee

both request that this matter be re-opened. We exercise our

review to examine whether the trial court's Rule 60(b) decision

was made in error, and concomitantly ,whether its *sua sponte*

decision to dismiss this case was justified.

**A. Federal Rule of Civil Procedure 60(b)**

Rule 60(b) provides that a party may obtain relief from a

judgment or order under certain circumstances including mistake,

inadvertence, surprise or inexcusable neglect... or any other

reason justifying relief from the operation of the judgment. Fed.

R. Civ. P. 60(b)(1) and 60(b)(6). A 60(b)(6) motion must be made

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 6

within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. *See* Fed. R. Civ. P. 60(b).

We faced a Rule 60(b) appeal in *In Newland Moran Real Estate*.[3] After determining that litigation had lingered, the Superior Court *In Newland Moran Real Estate* issued an order stating that the matter would be dismissed if the case was not advanced within thirty days. *Id.* at 580. Thirty days elapsed and the trial court dismissed the case for lack of prosecution. *Id.*

The Appellant filed a Rule 60(b) motion alleging that it never received the trial court's order warning that dismissal would result from further inaction. *Id.* The Appellant argued that it should not be bound by an order of which it was unaware. *Id.* The trial judge denied the 60(b) motion but did not sufficiently substantiate its decision. Instead, the trial court summarily concluded that Newland Moran had "failed to show good cause or excusable neglect for the delay in prosecuting the case." *Id.*

On review, we held that the record did not support the trial judge's findings, and that the Appellant had indeed shown the excusable neglect required by Fed. R. Civ. P. Rule 60(b)(1). *Id.*

---

[3] 41 F.Supp 2d 576.

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 7

at 581. We also highlighted that the trial court abused its discretion by relying on such a "sparse basis" when it denied Newland Moran's Rule 60(b) motion and dismissed the case. *Id.* at 580-581.

Here, the trial court did not address the required factors. Instead, as in *Newland Moran Real Estate*, it summarily dismissed the matter.  In a jurisdiction that values hearing cases on the merits, a more liberal treatment of Tip-Top's motion, and a more reasoned basis for dismissal was warranted.  *See In Newland Moran Real Estate*, 41 F. Supp. at 580 ("[i]n this jurisdiction, relief under Rule 60(b) is more liberally granted where the case was dismissed before reaching the merits").

Moreover, this is a case where the parties reached an amicable conclusion. They entered into a settlement agreement that memorialized their compromise. Notably, neither party explicitly claims that the agreement was breached.[4] Rather, they concede that they were in the process of refining and

---

[4] Breach of a settlement agreement is not a basis for Rule 60(b) relief.  *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-41 (3d Cir. 1993).

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 8

consummating the agreement. The delay that preceded dismissal was attributed to the delay in consummating the agreement.

In our estimation, such delay constitutes excusable neglect. This is particularly the case where below, the parties in controversy arrived at a clear consensus as to the cause of the delay and, and on appeal, both seek the same result - to reopen this matter. Accordingly, under Rule 60(b) jurisprudence, the lower court abused its discretion when it denied the parties' motion for relief from judgment.

**B.    Underlying *sua sponte* dismissal order**

Administrative dismissals of pending cases fall within the trial court's sound discretion. *Myers v. Derr*, 2001 U.S. Dist. LEXIS 16858, at *8 (D.V.I. App. Div. Aug. 15, 2001). In this regard, we do not lightly reverse the trial court's decisions.[5] Several rules respectively address settlements that arise out of mediation and authorize the Superior Court's *sua sponte* dismissal for delay. As a matter of comity, we shall briefly address each in turn.

---

[5] *Newland Moran Real Estate*, 41 F. Supp. 2d at 579-580 (citing *Del Carmen*, 908 F.2d at 161-62. ("Although the appeal of the denial of the Rule 60(b) motion primarily challenges the [trial] court's decision denying relief from judgment, it also asserts a challenge to the merits of the underlying dismissal necessitating review of the underlying judgment, albeit narrower").

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 9

The parties in this case agreed to mediate. As a result, on May 19, 2004, they entered into a settlement agreement (J.A. 66-71.) Superior Court Rules 40(f), governs civil mediation in the Superior Court. Upon motion, Super. Ct. Rule 40(f)(3) empowers the court to impose several remedies where a party either breaches or fails to perform a mediated agreement.[6] *See* Sup. Ct. R. 40(f)(3)(in the event of any failure to perform under the agreement, the Court upon motion may impose sanctions...").

The sanctions include costs, attorney's fees, or "other appropriate remedies" including the entry of judgment on the agreement. *Id.* However, nowhere in the plain language of Superior Court Rule 40, is the trial court authorized to summarily dismiss a matter *sua sponte* for delay in consummating the agreement. *See generally* Super. Ct. R. 40. Rather, where mediation fails or is stalled, a variety of procedural avenues are available to the court, including issuing a scheduling order, ordering the parties to resume litigation and scheduling the matter for trial.[7]

---

[6] In this case, neither party filed a motion to impose sanctions.

[7] If the parties fail to comply with the trial court's orders to advance a case, then the trial court may, where appropriate, dismiss for delay under Fed. R. Civ. P. 41(b). *See* Fed. R. Civ. P. 41(b); *Dunbar v. Triangle Lumber & Supply Co.,* 816 F.2d 126, 128 (3d Cir. 1987).

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 10

Dismissal for delay is, however, a sanction explicitly contemplated by Federal Rule of Civil Procedure 37(b)(2), made applicable to the trial court via Superior Court Rule 7.[8] *See* Fed. R. Civ. P. 37(b)(2). Under Rule 37(b)(2), dilatory parties who refuse to make disclosures or cooperate with discovery may be prodded with the harsh sanction of dismissal. *Id.* Rule 37(b)(2) specifically endorses the sanction of dismissal when a party refuses to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2); *see also In Re Christian Hendricks*, 38 V.I. 127, 131-132 (Terr. Ct. 1998). However, in this case, the court's dismissal order did not issue as a result of either party's dilatory response to discovery orders or discovery requests.

Finally, Fed. R. Civ. P. 41(b) provides that a matter may be dismissed *sua sponte* when a party fails to comply with "the rules or any order of the court." *See* Fed. R. Civ. P. 41(b). In

---

[8] The Federal Rules of Civil Procedure are made applicable hereto by Superior Court Rule 7 which reads in full:

> The practice and procedure in the [Superior] Court shall be governed by the Rules of the [Superior] Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

Super. Ct. R. 7.

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 11

*Paillasse v. State Farm Fire & Caves. Co.*, 747 F.2d 863 (3d Cir. 1984), the U.S. Court of Appeals for the Third Circuit examined the factors to be balanced by a trial court in deciding whether to dismiss a complaint due to a plaintiff's failure to meet court imposed deadlines and other procedural requisites. *Paillasse*, 747 F.2d at 868-70. These factors are (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) whether there has been a history of dilatoriness in the case; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* The *Paillasse* analysis involves a balancing test, and therefore, it is not necessary that all of the *Paillasse* factors are met to warrant dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

A trial court however, "cannot simply ignore the *Poulis* factors." *Myers*, U.S. Dist. LEXIS 16858, at *10 (holding that where the trial court dismissed a case *sua sponte*, pursuant to Fed. R. Civ. P. 41(b), it could not ignore the *Poulis* factors); *see also Scarborough*, 747 F.2d at 875 (holding that, because a *sua sponte* Rule 41(b) dismissal order deprives a party of its day in court, a reviewing court must carefully review each such case

*Tip-Top Construction, Inc. v. Gonzalez, et al.*
D.C. Civ. App. No. 2005-0100
Memorandum Opinion
Page 12

to ascertain whether the trial court abused its discretion in applying such an extreme sanction).

Here, the trial court failed to mention the *Poulis* factors, or any other common law or statutory rule substantiating its decision to dismiss. Indeed, the court's brief order does not reflect that it weighed any facts or factors whatsoever before reaching its conclusion. Accordingly, given our considerations under Rule 60(b), taken together with our evaluation of the trial court's statutory and common law authority to *sua sponte* dismiss pending cases, we have a firm conviction that the trial court abused its discretion and made a clear error of judgment when it dismissed this matter with prejudice.

**V.   CONCLUSION**

For the reasons stated above, the trial court abused its discretion in denying Gonzalez' motion to vacate. We shall, therefore, remand this matter to be reinstated to the Superior Court's civil docket.